PHILEMON B. SELBY, appellant, *v.* RICHARD A. HUTCHINSON, adm'r. &c., appellee.

*Appeal from Knox.*

The general practice of the Supreme Court has been to require applications for a re-hearing to be made during the term in which the judgment is pronounced.

Where the Opinion of the Court is filed after the close of the term, or so late in the term that counsel have not time to prepare a petition for a re-hearing before the final adjournment, the application should be made at the earliest opportunity in the succeeding term.

THIS suit was decided and the Opinion of the Court was delivered at the December term, 1847. See 4 Gilm. 319.

At the present term of this Court, a motion was made for leave to file a petition for a re-hearing, based upon the following affidavit:

State of Illinois, ss.                 Supreme Court.

Philemon B. Selby, appellant,   ⎱
            *v.*            ⎰ Appeal from
Richard A. Hutchinson, adm'r   ⎰ Knox.
of Charles Teed, appellee.      ⎰

Julius Manning, attorney for the said appellee, being duly sworn, says that the said cause was tried and determined at the December term of the said Court, A. D. 1847; that the written Opinion of the Court therein was delivered on the 29th day of December, A. D. 1847; that this affiant read the said Opinion in a cursory manner before leaving Springfield, where he then was, and directly left Springfield to return to his place of residence in Knox county, Illinois; that owing to the almost impassable condition of the roads, this affiant could not, and did not arrive at his said place of residence, until five days after leaving Springfield as aforesaid ; that, although at the time of reading the said Opinion, it was in his judgment erroneous, this affiant did not consider that he was authorized to petition the said Court for a re-hearing of the said cause, without further consultation with his said client, and that his said client resides between fifteen and twenty miles from this affiant's place of residence, and did so at the time last aforesaid, and that this affiant could not consult with him before returning home. This affiant further states, that the said appellee had no counsel employed in said cause except this affiant and Hiram E. Swift Esq., then residing at Oquawka, Henderson county, Illinois; that the said Swift was not at Springfield during the last term of said Court, but was at Oquawka aforesaid, and that this affiant had no means of consulting with the said Swift in reference to the propriety of filing the said petition, until after this affiant's said return home. That this affiant was extremely anxious to have the advice of the said Swift upon so grave a matter as requesting the said Court to re-

verse its own decision, however erroneous such decision might be, and that this affiant did, directly after arriving home as aforesaid, write to the said Swift in reference to the said decision and the merits thereof, and as this affiant now recollect, in reference to the propriety of making application for a re-hearing as aforesaid; but, as the said Swift had not had opportunity to read the written Opinion of the said Court, this affiant does not recollect that said Swift gave any direct advice for or against said petition being presented.

This affiant says further, that within a reasonable time after arriving home as aforesaid (but this affiant does not now recollect the precise number of days,) this affiant consulted with his said client in reference to the said decision, and the propriety of presenting said petition, and that upon this affiant stating the facts in relation thereto, his said client left it entirely to this affiant to determine whether said petition should be presented or not.

That immediately thereafter, this affiant commenced preparing said petition, but that it necessarily occupied this affiant several days in preparing it; that immediately after the same was prepared, that is, on the 20th day of January A. D. 1848, this affiant mailed the same, directed to Charles Gilman, Esq., the Reporter of this Court, with a request that he would present the same to this Court at the then session of said Court; that the said Gilman would have done so, but that the said Court was adjourned before the arrival of the said petition at Springfield, and the said Gilman had returned to his place of residence at Quincy, Illinois, where the said petition was afterwards forwarded to him; that the said petition so sent to the said Gilman, as aforesaid, is the same petition presented to the Court at this term of said Court, with the exception of two or three interlineations, and the *addenda;* that as there was no precise time fixed by law when the said Court should adjourn, this affiant supposed and believed, from the amount of business before said Court, at said last term, and the usual time at which said Court adjourned, that he had forwarded the said petition in

time to be filed at said last term, and this affiant believes that under the circumstances above stated, he used at least reasonable diligence for the purpose of having the same presented at said last term.

This affiant further states, that from the fact of the record in the said cause being very voluminous as this affiant presumes, there are portions of the evidence in said cause being very material to the decision thereof, which the said Court appears to have entirely overlooked, and which, if it had not been overlooked by mistake, would have induced the Court to render a different decision in said cause, as this affiant believes.

Therefore, for the furtherance of justice, and for the reason that this affiant by the use of reasonable diligence, under the circumstances of this case, could not file the said petition for a re-hearing at the last term of this Court, this affiant causes the said petition to be presented at this term of this Court, and prays the same may be heard.

Julius Manning.

Julius Manning, being duly sworn before me this day, says that the contents of the foregoing affidavit are true so far as they are stated on his own knowledge, and so far as they are not so stated, he has been informed and believes them true.

Julius Manning.

Sworn to and subcribed
   this 23d day of December, A. D. 1848, before me.
      W. B. Warren, Cl'k. S. C.

*C. Gilman,* in support of the motion.

The general rule of this Court is well understood. There are circumstances, however, which will induce the Court to relax the strictness of the rule. In such cases, the question depends upon the extent of the diligence exercised by the party applying for a re-hearing. In the present instance, we are inclined to believe that the affidavit discloses a state

of facts which entitles us to the consideration of the Court. The counsel for the appellee, in the exercise of a proper discretion, used all the diligence that his peculiar situation permitted. Circumstances beyond his control caused the delay. There was no fault on his part, and, therefore, we think that we are entitled to the benefit of the exceptions to the general rule.

*R. S. Blackwell* resisted the motion.

1. A motion for a re-hearing in a cause must be made at the term in which the judgment is pronounced, or Opinion of the Court delivered. *Lampsett* v. *Whitney*, 3 Scam. 170; *People* v. *Pearson*, ib. 406; *Delahay* v. *McConnell*, 4 do. 157.

2. An attorney has power to petition for a re-hearing without new authority from his client, and if he believes the decision to have been erroneous, it is his duty to do so. In this case, the affidavit of the attorney, who appeared for the appellee when this cause was heard at the last term, admits that on reading the Opinion he was satisfied that the Court decided wrong, but that he did not deem it proper to make the application for a re-hearing without consulting his client, and his assistant counsel in the Court below. This is no legal and sufficient excuse for not making the application at the last term. *Grosvenor* v. *Danforth*, 16 Mass. 74.

3. Again, the attorney states that he wrote out a petition for a re-hearing, and sent it to Mr. Gilman, the Reporter, to be filed at the last term, but before it reached Springfield the Court had adjourned. But no notice appears to have been given to the appellant of the intended application; therefore, he did not comply with the rule of practice in this Court. 1 Scam. 16, Rule 25.

The Opinion of the Court was delivered by

Treat, C. J. The leave asked in this case must be refused. The decision was made when the counsel was present, and several weeks before the final adjournment of the Court. There was then ample time to have presented a pe-

tition for a re-hearing at that term. The general practice of this Court has been to require applications of this character to be made during the term in which the judgment is pronounced. We are inclined to adhere rigidly to this rule, and not to tolerate any departure from it, except in cases where the Opinion of the Court is filed after the close of the term, or so late in the term that counsel have not the time to prepare a petition before the final adjournment; and in such case, the application should be made at the earliest opportunity in the succeeding term, so that, if successful, the adverse party may not be delayed in the consequent re-argument of the case. By this practice, suitors may know, with some degree of certainty, when the decision is final, and their rights are definitely settled.

*Motion denied.*